IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DAVID CREWS, :
  :
  Plaintiff, : CIVIL NO. 4:CV-07-2217
  :
v. : (Judge Jones)
  :
BEAVENS, *et al.*, :
  :
  Defendants. :

**MEMORANDUM AND ORDER**

**July 31, 2008**

**Background**

This *pro se* civil rights action was filed by David Crews ("Plaintiff" or "Crews"), an inmate presently confined at the State Correctional Institution, in Camp Hill, Pennsylvania ("SCI-Camp Hill"). A second civil rights action filed by Plaintiff, *Crews v. Doctor Gadea, et al.*, Civil No. 4:CV-08-81, was subsequently consolidated into this matter. Service of the consolidated Complaints was previously ordered.

Presently pending is Plaintiff's motion seeking appointment of counsel. Therein, Crews generally contends that he is "unable to afford counsel" and has "limited access to the [prison] law library and limited knowledge of the law." (Doc. 25 at 1).

Although prisoners have no constitutional or statutory rights to appointment of

counsel in a civil case, this Court does have broad discretionary power to appoint counsel under 28 U.S.C. § 1915(e)(1). *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993), *cert. denied*, 510 U.S. 1196 (1994); *Ray v. Robinson*, 640 F.2d 474, 477 (3d Cir. 1981). The United States Court of Appeals for the Third Circuit has stated that appointment of counsel for an indigent litigant should be made when circumstances indicate "the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984).

The Court of Appeals subsequently reiterated that "[i]ndigent civil litigants possess neither a constitutional nor a statutory right to appointed counsel." *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002) (citation omitted). *Montgomery* also emphasized that the criteria developed in *Tabron* should be employed in addressing the appointment of counsel issue. In a subsequent, non-precedential decision, *Gordon v. Gonzalez*, No. 04-4623, 2007 WL 1241583 at *2 n.4 (3d Cir. Apr. 30, 2007), the Third Circuit Court of Appeals stated that two additional factors which should be taken into consideration are: (1) the court's willingness to aid the indigent party in presenting his or her case; and (2) the available supply of lawyers willing to accept § 1915(e) requests within the relevant geographical area.

Our review of Plaintiff's motion as well as his filings to date reveals that he has failed to set forth sufficient special circumstances or factors that would warrant appointment of counsel at the present time. *Tabron*, 6 F.3d at 155-56. In his submissions to date, Crews has demonstrated that he is capable of presenting comprehensible arguments. Further, this Court's liberal construction of *pro se* pleadings, *Haines v. Kerner*, 404 U.S. 519 (1972), coupled with Plaintiff's apparent current ability to litigate this action *pro se*, mitigate against the appointment of counsel. In addition, the legal issues are relatively uncomplicated, and the Court cannot say, at least at this point, that Crews will suffer substantial prejudice if he is forced to prosecute this case on his own.

Therefore, Crews' motion for appointment of counsel will be denied. In the event, however, that future proceedings demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* or upon a motion properly filed by Plaintiff.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Plaintiff's motion for appointment of counsel (Doc. 25) is DENIED.

_____
John E. Jones III
United States District Judge